| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| *versus* | § | CIVIL ACTION NO. 1:04-CV-42 |
| KELLOGG BROWN & ROOT, INC., | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

In the parties' Proposed Pretrial Order (#165), submitted on May 29, 2015, the parties dispute whether the government must prove its case by a preponderance of the evidence or by clear and convincing evidence. After reviewing the parties' memoranda of law and researching the applicable law, the court is of the opinion that the government must prove its case by a preponderance of the evidence.

"In a civil case, the same burden of proof applies regardless of whether the finder of fact is a judge in a bench trial or a jury." *Fire Ins. Exch. v. McCoy*, 637 F. Supp. 2d 991, 992 (M.D. Ala. 2009); *see also Cabrera v. Jakabovitz*, 24 F.3d 372, 380 (2d Cir.), *cert. denied*, 513 U.S. 876 (1994); *Hampton Bermuda Ltd. v. M/V STAR SIRANGER*, No. H-05-3074, 2008 WL 1808550, at *4 (S.D. Tex. Apr. 18, 2008). The United States Supreme Court has held that "in a typical civil case involving a monetary dispute between private parties, . . . [the] plaintiff's burden of proof is a mere preponderance of the evidence." *Addington v. Texas*, 441 U.S. 418, 424 (1979). "Preponderance of the evidence is generally defined as 'the greater weight and degree of credible evidence' and the 'amount of evidence that persuades [the fact-finder] that a claim is

more likely so than not so." *United States v. Rhodes*, 386 F. Supp. 2d 726, 740 n.6 (N.D. Tex. 2005) (quoting Fifth Circuit Pattern Jury Instructions: Civil, § 3.1 at 29 (West 2005)).

Where "particularly important individual interests" are at stake, however, the plaintiff must bear a higher burden of proof than mere preponderance of the evidence. *Addington*, 441 U.S. at 424; *accord Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 282 (1990). The intermediate standard often invoked is clear and convincing evidence, which "is evidence that produces in [the fact-finder's] mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable [the fact-finder] to come to a clear conviction without hesitancy" Fifth Circuit Pattern Jury Instructions: Civil, § 2.17 (2014) (citing *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013)); *see Essex Ins. Co. v. Tina Marie Entm't, LLC*, No. 14-11861, 2015 WL 628386, at *1 (11th Cir. Feb. 13, 2015); *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992). The clear and convincing evidence burden of proof has been required, for example, in cases where the deprivation of individual rights could occur, such as deportation proceedings, denaturalization proceedings, civil commitment proceedings, and proceedings for the termination of parental rights. *Cruzan by Cruzan*, 497 U.S. at 282-83; *In re Medrano*, 956 F.2d at 102 (applying clear and convincing evidence in "in a proceeding for disbarment of an attorney from practice before a federal court").

Here, the government asserts that it must prove its case by a preponderance of the evidence, based upon the legislative history to the 1986 amendments to the AKA. The government correctly notes that Senator Carl Levin, in a floor debate, explained that "[a]ll of the evidence of the civil action authorized [by the AKA], including proof of knowledge, may be established by a

2

preponderance of the evidence." 132 CONG. REC. S16,307 (daily ed. Oct. 15, 1986) (statement of Sen. Levin). This statement was cited approvingly in a district court case involving an AKA claim, *Kellogg Brown & Root Servs. Inc. v. United States*, 99 Fed. Cl. 488, 503 (Fed. Cl. 2011), *aff'd,* 728 F.3d 1348 (Fed. Cir. 2013), opinion corrected on denial of reh'g, 563 F. App'x 769 (Fed. Cir. 2014).

KBR argues that the government must fulfill its burden by clear and convincing evidence, citing to a single case, *Morse Diesel Int'l v. United States*, 79 Fed. Cl. 116 (Fed. Cl. 2007). The court in *Morse Diesel* applied a clear and convincing evidence standard based on its finding that the AKA "is both remedial and punitive." *Id.* at 188 n.3 Although the court went on to explain why it believed the AKA to be both remedial and punitive, it did not explain why such a finding implicates a higher burden of proof than preponderance of the evidence. Furthermore, even assuming that such a finding could implicate a higher burden, the United States Court of Appeals for the Fifth Circuit stated, in a decision issued in connection with a previous appeal in the instant case, that the AKA is a "non-punitive-damages law." *United States v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 353 (5th Cir. 2013). In light of the legislative history and conflicting case authority, the court declines to adopt a clear and convincing evidence burden of proof in this civil action seeking only monetary relief from a corporation. Accordingly, in order to prevail at trial, the government must prove its case by a preponderance of the evidence.

SIGNED at Beaumont, Texas, this 8th day of June, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE