| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| *versus* | § | CIVIL ACTION NO. 1:04-CV-42 |
| KELLOGG BROWN & ROOT, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In Defendant Kellogg Brown & Root, Inc.'s ("KBR") Supplemental Proposed Findings of Fact and Conclusions of Law (#187), submitted on June 9, 2015, KBR asserts that the government's claims against KBR are time-barred under the Anti-Kickback Act's ("AKA") six-year statute of limitations, 41 U.S.C. § 8706(b). The government responds that its complaint-in-intervention was timely filed because it relates back to the original complaint. Having considered the submissions of the parties and the applicable law, the court is of the opinion that the government's complaint was timely filed and is not barred by the statute of limitations.

I.  Background

On January 21, 2004, David Vavra and Jerry Hyatt (collectively, "the Relators") filed an original complaint (#1) in this court as relators against several defendants, including KBR, seeking "to recover damages and civil penalties on behalf of the United States of America arising from false statements including false certifications, false invoicing, kickbacks and other violations which Defendants caused to be made to the various branches of the United States Military under the Department of Defense" in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and the common law. The complaint did not include a claim against any defendant pursuant to

the AKA.  On February 24, 2010, the Relators filed a Second Amended Complaint (#30), which was unsealed and served upon the defendants.  The government subsequently intervened in part in the action and filed its complaint-in-intervention against KBR on August 2, 2010 (#48), asserting claims against KBR under the FCA, the AKA, and the common law.  KBR filed a motion to dismiss the government's complaint on October 1, 2010 (#51), which the court granted in part and denied in part on February 8, 2011 (#71).  KBR subsequently answered the government's complaint on March 25, 2011 (#74), denying the government's allegations and asserting that the government's complaint "is barred, in whole or in part, by the applicable statute of limitations."

Following the court's partial dismissal order, the government voluntarily dismissed its remaining claims (#s 83-84) and filed an appeal with the United States Court of Appeals for the Fifth Circuit (#85).  On September 23, 2013, the Fifth Circuit reversed this court's dismissal for failure to state an AKA claim under 41 U.S.C. § 8706(a)(1)[1] (#87).  Upon remand, the government amended its complaint, maintaining an AKA claim against KBR.  The government's Sixth Amended Complaint (#127), filed September 29, 2014, is the operative complaint.  KBR filed its answer to the Sixth Amended Complaint on October 8, 2014 (#129), again denying the government's allegations and asserting various affirmative defenses, including statute of limitations.

In preparation for the upcoming trial, KBR moved the court to unseal the original complaint and the first amended complaint (#161), which the court granted on May 29, 2015.

---

[1] The Fifth Circuit and prior memoranda and orders in this court have cited the previous version of the AKA, 41 U.S.C. §§ 51-58.  As the court discussed in the pre-trial conference on June 10, 2015, the court will now cite to the current version of the statute:  41 U.S.C. §§ 8701-07.

After receiving and reviewing the original complaint, KBR submitted its Supplemental Proposed Findings of Fact and Conclusions of law, arguing that the government was put on notice of kickback allegations as early as the date of the original complaint, January 21, 2004, but did not intervene until August 2, 2010, outside the six-year statute of limitations period. KBR further asserts that the government's August 2010 complaint-in-intervention cannot relate back to the original complaint, which remained under seal until May 2015, because the FCA allows relation-back only for other FCA claims, not distinct causes of action, and because KBR was deprived of notice of the initial allegations, a "critical element involved in [Federal Rule of Civil Procedure 15] determinations." The government counters that, under Fifth Circuit precedent, the government's complaint-in-intervention relates back to the Relators' original complaint because it arose from the same "conduct, transactions, or occurrences" and that the notice requirement under Rule 15 is irrelevant.

II. Analysis

A. Statute of Limitations

The AKA provides that "[a] civil action under this section must be brought within 6 years after the later of the date on which (1) the prohibited conduct establishing the cause of action occurred; or (2) the Federal Government first knew or should reasonably have known that the prohibited conduct had occurred." 41 U.S.C. § 8706(b). Likewise, the FCA states that a civil action under the FCA must be brought within six years of the date on which the FCA violation is committed or within three years of the date on which the government knew or reasonably should have known of material facts giving rise to an FCA claim, whichever occurs last, but not more than ten years after the date on which the violation is committed. 31 U.S.C. § 3731.

KBR argues that the Relators' original complaint reveals facts indicating that the government knew that kickbacks had occurred as early as January 21, 2004, the date of the original complaint. Accordingly, to be timely, the government was required to file its AKA claim against KBR before January 2010. The government does not appear to contest that it reasonably should have known as of January 2004 that conduct prohibited under the AKA had occurred. Rather, the government maintains that its complaint-in-intervention relates back to the January 2004 original complaint, therefore preventing its claims against KBR from being barred on statute of limitations grounds.

B. Relation Back

The FCA allows the government to "intervene and proceed" with an FCA action, either by filing its own complaint (a complaint-in-intervention) or by amending the relator's complaint "to clarify or add detail to the claims in which the Government is intervening and to add any additional claims with respect to which the Government contends it is entitled to relief." 31 U.S.C. § 3731(c). The FCA further provides:

> For statute of limitations purposes, any such Government pleading [(a complaint-in-intervention or amended complaint)] shall relate back to the filing date of the complaint of the person who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person.

31 U.S.C. § 3731(c); *see United States v. Caremark, Inc.*, 634 F.3d 808, 818 (5th Cir. 2011).

As explained above, the government's complaint-in-intervention asserted multiple causes of action against KBR: that KBR violated the FCA, that KBR violated the AKA, that KBR breached its governmental contract, that KBR was unjustly enriched, and that the government

4

payed KBR certain amounts by mistaken belief. Thus, the government exercised its option to "intervene and proceed" with the Relators' action by filing its own complaint against KBR.

Although the government does not currently maintain an FCA claim against KBR, the FCA's relation-back provision is nonetheless critical in analyzing whether the government's complaint-in-intervention, which did assert FCA claims against KBR, can relate back to the Relators' original complaint. The government's allegations in its complaint-in-intervention were either timely or untimely on August 2, 2010, when the government filed its complaint, and resolving the timeliness issue necessarily requires determining whether the complaint-in-intervention relates back to the Relators' original 2004 complaint.

KBR argues that the language "any additional claims" in section 3731(c) refers only to additional claims under the FCA and does not apply to a non-FCA cause of action, such as an assertion that KBR is liable under the AKA. *See* 31 U.S.C. § 3731(c). KBR reasons that because the only "claims" the government can "clarify or add detail to" are FCA claims, "any additional claims" are limited to additional FCA claims. KBR draws emphasis from the following provision, subsection (d), which refers to the burden of proof for an FCA "cause of action," as distinct from a "claim." KBR argues that the use of different language distinguishes "claims" from "cause[s] of action" and, therefore, "any additional claims" must refer only to FCA claims and not to additional causes of action.

The court disagrees. As an initial matter, the government in this case filed its own complaint; therefore, the language referring to "claims"—which arises only when the government amends a relator's complaint—is inapplicable. The statute plainly allows the government to intervene and proceed with section 3730(b) actions by either "fil[ing] its own complaint or

5

amend[ing] the complaint of" the relator. 31 U.S.C. § 3731. If the government chooses to amend the relator's complaint, it may "clarify or add detail to the claims" and "add any additional claims." *Id.* This language, however, does not apply to a complaint-in-intervention by the government, as there would be nothing to "clarify or add detail to" and no "additional claims" in the absence of an underlying complaint that is sought to be amended. Accordingly, when filing its own complaint, the government may assert whatever causes of action it chooses to file.

Second, even assuming that the aforementioned language applies when the government files its own complaint, KBR's reading of the statute is too narrow. By asserting that "claims" refer solely to FCA claims, not separate causes of action, KBR disregards the multiple references to section 3730, which modify the "action" brought by the relator. To explain, section 3730 is specifically mentioned five times in section 3731; thus, had Congress wished to limit the meaning of "claims," it would have specified that the government may "clarify or add detail" only to claims *under section 3730* and may add only any additional *section 3730 claims*. The legislature did not include this language, and it is not this court's prerogative to rewrite the statute. Thus, the court will not interpret "claims" so narrowly as to refer only to FCA claims and not to other causes of action. Such an interpretation would require the government to file a separate complaint alleging any other cause of action arising from the same conduct giving rise to the FCA complaint, a practice that would impede judicial economy and promote inefficiency. *See Wheeler v. Beto*, 407 F.2d 816, 817 (5th Cir. 1969) (explaining that "considerations of judicial efficiency dictate against piecemeal litigation"). Furthermore, the government may not "contort the FCA's relation back provision" to reach entirely unrelated causes of action, as KBR asserts, because the statute expressly limits relation back to claims "aris[ing] out of the conduct, transactions, or occurrences

set forth, or attempted to be set forth" in the relator's original complaint. 31 U.S.C. § 3731; *see United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 879-80 (D.C. Cir. 2010). Accordingly, the government's August 2010 complaint-in-intervention relates back to the Relators' January 2004 original complaint so long as those causes of action "arise out of the conduct, transactions, or occurrences" set out in the Relators' original complaint. *See Caremark*, 634 F.3d at 818.

Generally, a new pleading will not relate back when it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Courts assessing whether a pleading relates back to a prior complaint consider whether the facts or conduct asserted in the new pleading differ from those underlying the original claims. *See Bill Harbert Int'l Constr., Inc.*, 608 F.3d at 881 (citing *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002); *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009)). Furthermore, the Supreme Court has explained that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664.

In this case, the Relators' original complaint asserted an FCA action against KBR based on false statements made by KBR employees to government officials, "including false certifications, false invoicing, kickbacks and other violations." More specifically, the original complaint alleges that during the course of LOGCAP, kickbacks were exchanged between Bob Bennett, a KBR employee, and Eagle Global Logistics, Inc. ("EGL") employees as "part of an ongoing conspiracy to violate the FCA." Similarly, the government's complaint-in-intervention

7

avers that KBR employees accepted kickbacks from EGL and Panalpina, Inc. employees in connection with LOGCAP III, from 2002 through 2006.

As KBR correctly points out, the government's complaint cannot relate back to conduct occurring after the filing of the Relators' January 2004 complaint. Because the kickbacks alleged to have occurred in February, March, April, and June of 2004 had not occurred at the time the Relators filed their complaint, it would be nonsensical for the government's complaint-in-intervention to relate back to the original complaint as to these allegations. *See Abramson v. Boedeker*, 379 F.2d 741, 744 (5th Cir. 1967) ("[A]llegations concerning events occurring subsequent to the filing of the original petition cannot possibly relate back to the earlier date of filing."). This does not, however, dispense of the post-January 2004 kickback allegations, as KBR maintains. Just as the government's complaint-in-intervention cannot relate back to the original complaint for events occurring subsequent to the filing of the petition, the original complaint cannot be said to provide the government notice of subsequent events, as they had not yet occurred. Because KBR has the burden of establishing that the government's allegations are barred by the statute of limitations, it must demonstrate that the government knew or reasonably should have known that the subsequent AKA violations had occurred. The original complaint does not support such a conclusion. Accordingly, KBR has failed to establish that the government's allegations based on kickbacks occurring after January 2004 are time-barred.

As to the remaining alleged instances of kickbacks, it appears that the government's allegations are based upon a common core of operative facts that also form the basis of the Relators' 2004 allegations. Each complaint alleges a course of conduct based upon KBR employees' accepting kickbacks from subcontractors during the LOGCAP operations. Although

8

each kickback allegedly involved separate instances of entertainment and different people, the course of kickbacks referenced in the government's complaint-in-intervention is essentially the same as the course of kickbacks alleged in the Relators' original complaint. Accordingly, the remaining allegations in the government's August 2010 complaint-in-intervention relate back to the filing of the Relator's original complaint in January 2004 and are timely.

Finally, KBR's argument that it was deprived of notice in contravention of Rule 15 is unavailing. Because the government's 2010 complaint-in-intervention relates back to the Relators' original complaint under the express terms of section 3731, the court need not consider Rule 15. *See United States ex rel. Freedman v. Suarez-Hoyos*, 781 F. Supp. 2d 1270, 1282 (M.D. Fla. 2011); *see also Hayes v. Dep't of Educ. of City of N.Y.*, 20 F. Supp. 3d 438, 448-49 (S.D.N.Y. 2014) (explaining that the Second Circuit's holding in *United States v. Baylor Univ. Med. Ctr.*, 469 F.3d 263 (2d Cir. 2006), that the secrecy of the FCA is incompatible with the notice requirements of Rule 15 "no longer extends as far as it once did, inasmuch as subsequent amendments to the FCA now expressly enable relation back for the Government's complaints-in-intervention under Rule 15(c)(1)(A).").

III. Conclusion

Consistent with the foregoing analysis, the court finds that the factual averments asserted in the government's complaint-in-intervention were timely filed. Accordingly, the court declines to grant judgment to KBR on the basis of statute of limitations.

SIGNED at Beaumont, Texas, this 24th day of June, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE